## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ANTHONY HARVATH, | ) | Case No. 16-03921 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | |
| | ) | |
| ANTHONY HARVATH, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Case No. 16 A _____ |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, AES LOAN SERVICING, | ) | |
| FIRSTMARK SERVICES, NATIONAL | ) | |
| COLLEGIATE STUDENT LOAN, NAVIENT, | ) | |
| NATIONAL EDUCATION SERVICING | ) | |
| NC STATE EDUCATION ASSISTANCE | ) | |
| AUTHORITY, DEPAUL UNIVERSITY, | ) | |
| LOYOLA UNIVERSITY OF CHICAGO, and | ) | |
| NORTHEASTERN ILLINOIS UNIVERSITY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGABILITY
OF DEBTS UNDER 11 U.S.C. 523(a)(8)**

NOW COMES the Plaintiff, Anthony Harvath, and pursuant to 11 U.S.C. 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6), and complains of the Defendants, and states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.  This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I) and this Court possesses constitutional jurisdiction to hear this proceeding.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4.  Plaintiff is a resident of, and resides in, Cook County, Illinois.

5.  The United States Department of Education is a federal agency headquartered at 400 Maryland Ave., SW, Washington DC 20202, which, as relevant here, originates and insures educational loans.

6.  AES Loan Servicing was established by the Pennsylvania Higher Education Assistance Agency to guarantee and service educational loans, and is headquartered at 1200 North 7th Street, Harrisburg, PA 17102.

7.  Firstmark Services services private educational loans, and is headquartered at 121 S. 13th St., Suite 201, Lincoln, NE 68508.

8.  National Collegiate Student Loan Trust services educational loans, and is headquartered at 800 Boylston St., 34th Floor, Boston, MA 02199.

9.  Navient owns and services educational loans, and was formerly known as Sallie Mae, and is headquartered at 123 Justison St., Suite 300, Wilmington, DE 19801.

10. National Education Servicing owns and services educational loans, and is located at 200 W. Monroe St., Suite 700, Chicago, IL 60606.

11. NC State Educational Assistance Authority owns and services educational loans, and his headquartered at 10 Tw Alexander Drive, Research Triangle Park, NC 27709.

12. DePaul University is a private university in Chicago, Illinois, and is headquartered at 1 E. Jackson, Chicago, IL 60604.

13. Loyola University Chicago is a private university in Chicago, Illinois, and is headquartered at 1032 W. Sheridan Road, Chicago, IL 60660.

14. Northeastern Illinois University is a public, state university in Chicago, Illinois, and is headquartered at 5500 North St. Louis Avenue, Chicago, IL 60625.

## FACTUAL BACKGROUND

15. The Plaintiff studied psychology and sociology at Loyola University Chicago, DePaul University, Northeastern Illinois University, University of North Carolina at Greensboro, and financed his education with student debt held or serviced by the Defendants in this adversary.

16. On February 9, 2016, ("Petition Date"), Plaintiff filed in this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

17. On the Plaintiff's sworn schedule F, the Debtor disclosed that he owed various debts ("the Debts") to the Defendants.

18. The Plaintiff was diagnosed as HIV-positive, and suffering from AIDS, on April 5, 2015, when he was hospitalized for pneumocystis pneumonia.

## COUNT 1: Status of certain loans

19. The Plaintiff reasserts and realleges paragraphs 1 through 4, and 12 through 18, as fully set forth herein.

20. Those Debts owed to DePaul University, Loyola University Chicago, and Northeastern Illinois University ("the Universities") are not "educational benefit overpayment[s] or loan[s] made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or… obligation[s] to repay funds received as an educational benefit, scholarship, or stipend, or any other educational loan that is a qualified education loan…" 11 U.S.C. 523(a)(8).

21. Those debts are owed directly to the Universities themselves.

22. The services provided by the Universities on the Plaintiff's behalf were not funded by an outside party.

23. The Plaintiff never memorialized or novated his obligations in a writing after the provision of those services, between him and any of the Universities.

24. As such, the debts owed to the Universities are not rendered presumptively nondischargable by the operation of 11 U.S.C. 523(a)(8).

WHEREFORE THE PLAINTIFF, Anthony Harvath, seeks a finding that the Debts owed to DePaul University, Loyola University Chicago, and Northeastern University are not subject to 11 U.S.C. 523(a)(8).

### COUNT II: Undue hardship under 523(a)(8)

25. The Plaintiff repeats and realleges paragraphs 1 through 24 of his Complaint, as detailed more fully herein.

26. Other than the Debts owed to the Universities, the Plaintiff concedes that the balance of the Debts are within the ambit of 11 U.S.C. 523(a)(8) ("Educational Loans").

27. Excepting the educational loans from discharge would present an undue hardship for the Plaintiff as follows:

   a. The Plaintiff is currently employed as a flight attendant for Republic Airlines, and his net monthly income is approximately $1,928.70 per month.

   b. The Plaintiff's expenses total $1,920.00 per month.

   c. In addition to being HIV-positive, the Plaintiff, in fact, suffers from AIDS.

   d. The Plaintiff's health status is such that it often acts to diminish his income (his is frequently unable to work, owing to his need of medical treatment or hospitalization) and increase his expenses (as to co-pays, medicines, and attendant expenses).

   e. The Plaintiff's health status is such that it renders virtually impossible his completing his degree, or obtaining a better-paying job in the future.

   f. The Plaintiff's health status is not expected to improve, as there is no cure for HIV or AIDS.

   g. The Plaintiff has attempted to enter into repayment schedules for his Educational Loans and has diligently made payments such as he could afford.

28.     The Seventh Circuit has adopted the "Brunner Test" to determine whether repayment of educational loans poses an undue hardship. *Matter of Roberson*, 999 F.2d 1132 (7th Cir. 1993), that test so-named after *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d. 395 (2nd Cir. 1987).

29.     The Brunner Test requires a three-part showing to find undue hardship:

   a.  [T]hat the Debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his depends if forced to repay the loans,

   b.  [T]hat additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans, and

   c.  [T]hat the Debtor has made good faith efforts to repay the loans.

30.     The Plaintiff cannot, based on his current income expenses, maintain a minimal standard of living if forced to repay the Educational Loans.

31.     The Plaintiff's job prospects and health status indicate that this state of affairs is likely to persist for a significant portion of the repayment period of the Educational Loans.

32.     The Plaintiff has made good faith efforts to repay his loans, making such payments as he was able to make, including soliciting money from loved ones when such assistance was available.

33.     To any extent that the Court does not grant relief against the Universities pursuant to Count I, the Plaintiff proposes that Debts owed to the Universities constitute Educational Loans, and requests determination that they, too, pose an undue hardship.

*(remainder of page intentionally blank)*

WHEREFORE THE PLAINTIFF, Anthony Harvath, seeks a finding that repayment of his Educational Loans, including any and all debts owed to the Universities which would be rendered presumptively nondischargable pursuant to 11 U.S.C. 523(a)(8), would pose an undue hardship, and a finding that those debts are discharged accordingly.

Dated:  May 10, 2016 	Respectfully submitted,

**Anthony Harvath**

By:  ___/s/ *Justin R. Storer*_____

Justin R. Storer (ARDC 6293889)
Lakelaw
53 W. Jackson Boulevard, Suite 1610
Chicago, IL 60604
Phone: 312.360.1501
Facsimile: 312.360.1502
Email: jstorer@lakelaw.com