## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

In re:                 )

     ANTHONY HARVATH,     )

                                 )     Bk. Case No. 16-03924

     Debtor.             )     Chapter 7

————————————————— )

ANTHONY HARVATH,       )

                                  )     Adv. Case No. 16 A 294

     Plaintiff,          )     Hon. Jack B. Schmetterer

v.                      )

                                  )

U.S. DEPT. OF EDUCATION, AES LOAN  )

SERVICING, FIRSTMARK SERVICES,    )

NATIONAL COLLEGIATE STUDENT LOAN,  )

NAVIENT, NATIONAL EDUCATION      )

SERVICING, NC STATE EDUCATION     )

ASSISTANCE AUTHORITY, DEPAUL     )

UNIVERSITY, LOYOLA UNIVERSIT OF   )

CHICAGO, AND NORTHEASTERN ILLINOIS  )

UNIVERSITY,                 )

                                  )

     Defendants.         )

### STIPULATED JUDGMENT AND ORDER

IT IS HEREBY STIPULATED by and between Anthony Harvath ("Plaintiff"), and State Education Assistance Authority (s/h/a NC State Education Assistance Authority) ("SEAA"), the following facts are true and that judgment be entered in this matter as follows:

1.     Plaintiff executed five (5) educational promissory notes (the "Notes") in favor of SEAA to fund his educational pursuits (hereafter referred to collectively as the "Loans"). The Loans were as follows: Loan No.07 in the amount of $3,257.00; Loan No. 08 in the amount of $2,899.00; Loan No. 09 in the amount of $4,731.00; Loan No. 12 in the amount of $7,756.00; and Loan No. 13 in the amount of $657.00. Payment on the Loans was originally scheduled to begin on October 14, 2009, but Plaintiff received forbearances from October 14, 2009 to October 12, 2013, on such payments, at

which time all forbearances expired. The Loans went into default on August 8, 2014. Currently, Plaintiff's standard monthly payment on the Loans is $293.00 per month.

2.    SEAA is a political subdivision of the State of North Carolina and is created and empowered under Article 23 of Chapter 116 of the North Carolina General Statutes to administer inter-institutional programs of student financial assistance, created by State law, designed to help North Carolinians meet the cost of higher education.

3.    SEAA currently holds all right, title and interest in the Loans.

4.    Plaintiff is a 35-year-old, unmarried individual with no dependents and is currently employed at United Airlines.  Plaintiff's current mailing address is 2861 W Palmer Street, Unit 1w, Chicago, IL 60647.

5.    Plaintiff claims his current monthly household income is $2,390.00 which is from employment. Plaintiff claims his current reasonable monthly expenses are $2,035.00 which includes rent, food, and medical expenses.

6.    On or about May 10, 2016, Plaintiff filed a Complaint alleging, *inter alia*, that excepting certain of plaintiff's educational loans from discharge would present an undue hardship. SEAA timely filed its Answer to the Complaint on or about June 14, 2016.

7.    The unpaid balance of the Loans, including principal and interest is $32,159.98 as of January 5, 2017. Interest currently accrues on the unpaid amount at 3.5% per annum.

## STIPULATION

8.    Plaintiff and SEAA agree to a settlement of this adversary proceeding and enter into the following agreement on the following terms:

A.  Plaintiff unconditionally agrees that his obligation to SEAA pursuant to the Loans is nondischargeable, pursuant to 11 U.S.C. § 523(a)(8).

B.  Plaintiff agrees to pay SEAA on a monthly basis until the Loans are paid in full. Plaintiff's first payment shall be due on April 1, 2017, and all subsequent payments shall be made on the first of each month thereafter, according to the following schedule:

- April 1, 2017 through March 31, 2027: $50 per month;
- April 1, 2027 through March 31, 2042: $100 per month; and
- Beginning April 1, 2047: $150 per month, until the entire debt evidenced by the Notes is retired.

9.    Upon compliance with and completion of the terms of this Stipulation, SEAA will acknowledge payment in full of the Loans.

10.    All payments to SEAA shall be addressed and mailed to:

*North Carolina State Education Assistance Authority*
*Post Office Box 14002*
*Research Triangle Park, NC 27709.*

11.    Plaintiff stipulates that his Loans are in default. If any one payment is made more than thirty (30) days after the date payment is due, then this Stipulation shall become null and void, and any amount due and owing under the original terms of the Notes, less any payments made, shall become immediately due and payable in full.

12.    SEAA's failure to provide a monthly statement, monthly reminder notice, or receipt for payment does not relieve Plaintiff's obligation and/or agreement to make consecutive, timely, monthly payments as set forth in Paragraph 8(B) above.

13.    This Stipulation shall be interpreted, governed and construed in accordance with the laws of the state of Illinois. The Notes shall continue to be interpreted, governed and construed in accordance with the laws of the state of North Carolina. In the event of a default hereunder, Plaintiff consents to the jurisdiction of any state or federal court located within the State of North Carolina; accepts, generally and unconditionally, the exclusive jurisdiction and venue of the aforesaid courts; and waives any defense based on lack of personal jurisdiction or under the doctrine of forum non conveniens.

14.    If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

17.    Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

18.    Except as provided in this Stipulation, all other terms of the Notes remain in effect and are hereby incorporated by reference. To the extent that the terms of the Notes conflict with the terms of this Stipulation, the terms in this Stipulation control.

19.    The parties of this Stipulation acknowledge that they have been represented by independent counsel of their own choice throughout all of the negotiations that have preceded the execution of this Stipulation.

20.    This Stipulation and the Notes incorporated herein by reference constitute the entire agreement of the parties.

21.    Each person signing this Stipulation warrants that he/she is fully authorized to sign this Stipulation on his/her behalf.

22.    This Stipulation is binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators, predecessors, successors and assigns.

23.    Each party hereto agrees to bear his/her own costs, expenses and attorney's fees in connection with the aforementioned lawsuit and claims.

24.    All notices pursuant to this Stipulation shall be sent by first class U.S. Mail, postage paid:

**If to Plaintiff:**

Anthony Harvath
2861 W Palmer Street
Unit 1w
Chicago, IL 60647


**If to Defendant:**

SEAA

Legal Affairs Division
Post Office Box 12812
Research Triangle Park, NC 27709

25.    The parties to this Stipulation certify that they have read and fully understand its terms.

**SO STIPULATED.**

Dated:

_1/10/17_

Anthony Harvath  *By JUSTIN STORER*
*ARDC 6293889*

**STATE EDUCATION ASSISTANCE AUTHORITY**

Dated:

_1/10/17_

⌐JAN 10 2017

**Saskia Nora Bryan, ARDC No. 06255682**
**Mark E. Shure, ARDC No. 06188755**
**LATIMER LeVAY FYOCK LLC**
55 w. Monroe Street, Suite 1100
Chicago, Illinois 60603
(312)422-8000
(312)422-8001 (fax)