UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In re:<br><br>ANTHONY HARVATH,<br><br>Debtor.<br><br>─────────────────────────<br><br>ANTHONY HARVATH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, NATIONAL COLLEGIATE STUDENT LOAN, NAVIENT, NC STATE EDUCATION ASSISTANCE AUTHORITY, LOYOLA UNIVERSITY OF CHICAGO, and NORTHEASTERN ILLINOIS UNIVERSITY<br><br>Defendants. | Bankr. Case No.: 16-03921<br><br>Chapter 7<br><br><br><br>Adv. Proc. No.: 16-00294 |

**STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING
BETWEEN PLAINTIFF AND NAVIENT SOLUTIONS, INC. AND FOR DISMISSAL
OF NAVIENT FROM THIS ADVERSARY PROCEEDING**

The Plaintiff, Anthony Harvath ("the Plaintiff"), and Defendant, Navient Solutions, Inc. ("Navient"), on behalf of itself and named Defendant "Navient", by and through their undersigned counsel, hereby stipulate as follows:

1. On February 9, 2016, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and a discharge of eligible debts was entered on May 10, 2016.

2. On May 10, 2016, the Plaintiff filed a Complaint naming, *inter alia,* Navient as a Defendant, seeking a discharge of educational loan debt under 11 U.S.C. §523(a)(8).

3. On June 22, 2016, Navient filed its Answer to the Plaintiff's Complaint.

4. The Plaintiff is indebted to Navient pursuant to the applicable terms of five (5) educational loan Promissory Notes ("Promissory Notes") executed by the Plaintiff to obtain educational loans ("Student Loans") with approximate balances, as of the filing of this adversary proceeding, as follows:

   a. one (1) educational loan disbursed on May 16, 2006, with a balance, including principal, interest, and fees totaling $27,958.13;

   b. one (1) educational loan disbursed on April 18, 2007, with a balance, including principal, interest, and fees totaling $25,870.33;

   c. one (1) educational loan disbursed on May 8, 2007, with a balance, including principal, interest, and fees totaling $38,563.82;

   d. one (1) educational loan disbursed on July 19, 2007, with a balance, including principal, interest, and fees totaling $36,474.51; and

   e. one (1) educational loan disbursed on October 10, 2007, with a balance, including principal, interest, and fees totaling $43,655.92.

5. As of the filing of this adversary proceeding, there was a balance due and owing under the Promissory Notes, including principal, interest, and fees in the aggregate amount of approximately $172,522.71 ("Outstanding Balance"), with variable interest rates, and with interest accruing thereafter pursuant to the Promissory Notes.

6. The Outstanding Balance is currently due and owing on the Promissory Notes and the Student Loans evidenced by the Promissory Notes are nondischargeable educational loans, pursuant to 11 U.S.C. §523(a)(8).

7. For so long as the Plaintiff does not default under this Stipulation, the Outstanding Balance shall be reduced to $50,000.00 ("Reduced Balance"), and the variable interest rates shall

be reduced to a fixed rate of 2% ("Reduced Interest"), and the Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $211.92 per month for a period of three-hundred (300) consecutive months. The first monthly payment is due to be received by Navient on or before June 21, 2017, with subsequent payments to be received on or before the twenty-first (21st) day of each month thereafter.

8. All payments pursuant to this Stipulation shall note the Plaintiff's ten digit account number, \*\*\*\*\*\*2261 (redacted here for privacy reasons) on the payment and shall be mailed to, "Navient Solutions, Inc., P.O. Box 9000, Wilkes-Barre, PA 18773-9000," or to any other address provided to the Plaintiff by Navient in writing.

9. The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date without securing Navient's agreement to a forbearance of such payment(s); or (b) the Plaintiff commences any further legal proceedings against Navient, its predecessors, successors or assigns.

10. Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 9(a) of this Stipulation, a default penalty equal to 15% of the remaining unpaid Reduced Balance at the time of default may be assessed against the defaulted account as an additional non-dischargeable sum, pursuant to 11 U.S.C. §523(a)(8), in addition to any other remedies permitted under the applicable terms of the Promissory Notes.

11. Upon the occurrence of an Event of Default under this Stipulation, pursuant to Paragraph 9(b) of this Stipulation, any forgiveness of the principal and interest is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance, as referenced in Paragraph 5 above, plus interest pursuant to the applicable terms of the Promissory Notes for the Plaintiff's Student Loans (less any payments made hereunder which, following default shall be

applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

12. There is no penalty for prepayment under this Stipulation but any prepayment, unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments.

13. In the event the Plaintiff, pursuant to applicable Navient policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

14. Should any issues arise, related to billing or repayment of the loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to the loans subject to this agreement are not in accordance with this Stipulation, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in Navient's Bankruptcy Litigation Unit, who may be reached at 1-800-251-4127, or to any other telephone number provided by Navient in writing, or in response to a specific borrower inquiry. The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

15. Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

16. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

17. This Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

18. Upon approval of this Stipulation, the parties agree to a dismissal of Navient Solutions Inc. and name defendant Navient from this adversary proceeding, subject to the terms of this Stipulation.

WHEREFORE, the parties pray this Honorable Court for an Order approving this Stipulation and dismissing Navient Solutions, Inc., and named defendant Navient as Defendants in the above-captioned adversary proceeding.

By: /s/ Justin R. Storer
Justin R. Storer, Esquire
Lakelaw
53 W. Jackson Boulevard
Suite 1610
Chicago, IL 60604
Telephone: (312) 360-1501
Facsimile: (312) 360-1502
Email: jstorer@lakelaw.com
Counsel for Plaintiff

By: _____
David L. Freidberg, Esquire (ARDC #6230612)
David L. Freidberg, P.C.
1954 First Street, Suite 164
Highland Park, Illinois 60035
Telephone: (312) 560-7100
Facsimile: (847) 433-4081
E-mail: dfreidberg@freidberglaw.com
Counsel for Navient Solutions, Inc.